COMMONWEALTH *vs.* ARNOLD L. KING.

Suffolk.    March 4, 1974. — July 12, 1974.

Present: QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Homicide.   Jury and Jurors.   Practice, Criminal,* Charge to jury.

It was not error at a murder trial for the judge to inform prospective jurors that, if a jury found a defendant guilty of murder in the first degree, they could make no recommendation of clemency except by unanimous decision. [7-8]

It was not error at a murder trial for the judge to excuse prospective jurors for cause because of opinions they expressed concerning the death penalty. [7-8]

Where the defendant in a murder case was black and four of fifteen peremptory challenges exercised by the Commonwealth at the trial resulted in the elimination of four black veniremen from the jury, this court declined a suggestion by the defendant that in deciding the case the court promulgate guidelines under G. L. c. 211, § 3, for the manner in which peremptory challenges are used when members of minority groups are defendants. [8-9]

Where the judge at a murder trial instructed the jury several times in his charge in substance that they must be convinced beyond a reasonable doubt that it was the defendant who committed the crime, the judge was not required to charge in the language of an instruction to the same effect requested by the defendant, nor, when, during the jury's deliberation, they asked for the testimony of a prosecution witness identifying the defendant as having been at the scene of the crime, was the judge required to repeat the instructions previously given. [9-11]

INDICTMENTS found and returned in the Superior Court on November 8, 1971.

The cases were tried before *Paquet, J.*

*William P. Homans, Jr.,* for the defendant.

*Lawrence L. Cameron,* Assistant District Attorney (*Roger A. Emanuelson,* Special Assistant District Attorney, with him) for the Commonwealth.

QUIRICO, J.   The defendant was indicted for the crimes of murder in the first degree and armed assault with intent to rob John J. Labanara. The two alleged crimes arose out of the same incident, the indictments were tried together under G. L. c. 278, §§ 33A-33G, and the jury found the defendant guilty on both. On the indictment charging murder the jury found the defendant guilty of murder in the first degree and recommended that the sentence of death be not imposed.[1]

The case is before us on the defendant's appeals based on assignments of alleged error by the trial judge (a) in relation to the empanelling of the jury, and (b) in failing or refusing to give the jury a particular instruction requested by the defendant. The case is also necessarily before us for our consideration on the law and facts pursuant to G. L. c. 278, § 33E, although the defendant has made no argument thereon in his brief.

1. *Selection of the jury.*   The defendant alleges error in the judge's statement to the prospective jurors that, if a jury found a defendant guilty of murder in the first degree, they could make no recommendation for clemency except by unanimous decision. Error is also alleged in the judge's excusing prospective jurors for cause because of opinions they expressed on the death penalty. This is the third case to be decided by this court within the period of one month involving these claims, and the same counsel represented the defendant in each of the three cases. The two earlier cases were *Commonwealth* v. *McAlister,* 365 Mass. 454

---

[1] The verdict was returned on June 21, 1972, thus preceding *Furman* v. *Georgia,* 408 U. S. 238, decided June 29, 1972.

(1974), and *Commonwealth* v. *Stillwell, ante,* 1 (1974). No useful purpose would be served by repeating here what we said concerning the claims in the *McAlister* and the *Stillwell* decisions. We hold that there was no error in the jury empanelling procedure followed in this case in so far as it was the same as that followed in the *McAlister* and *Stillwell* cases.

We now consider the only question about the empanelling of the jury in this case which was not raised in either of those cases.

A jury of sixteen persons were empanelled. G. L. c. 234, § 26B, inserted by St. 1945, c. 428, § 1, as amended through St. 1967, c. 285. The prosecution exercised fifteen peremptory challenges. G. L. c. 234, § 29, as amended through St. 1963, c. 187. Four of those challenges resulted in the elimination of black veniremen from the jury. The defendant is a black person. After the prosecution exercised both the third and fourth of these challenges, the defendant's counsel claimed exceptions, stating as his reason therefor his belief that the jurors were being challenged solely because they were black.

The judge excused the four veniremen thus challenged by the prosecution, and in reply to the statement of the defendant's counsel he said: "I am following the decision of the Supreme Judicial Court that it is assumed that the challenges are made in good faith and within the area of those factors that permit a challenge, a peremptory challenge." The judge's statement was in accord with the following language in *Swain* v. *Alabama,* 380 U. S. 202, 222 (1965), which was quoted with approval by this court in *Commonwealth* v. *Talbert,* 357 Mass. 146, 147 (1970): "The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes."

The defendant does not appear to argue that the judge's exclusion of the four black veniremen thus challenged by the prosecutor requires that his conviction or sentence be vacated or reversed. Nor does he "urge that the prosecution's judgment in exercising these challenges should have been scrutinized 'for reasonableness and sincerity,' " citing *Swain* v. *Alabama, supra.* Rather he argues that the "*Swain* decision . . . does not . . . prevent this court, as a matter of fair judicial administration, from acting under G. L. c. 211, § 3, to set guidelines for the manner in which peremptory challenges are used when members of minority groups are defendants."[2]

We do not accept the defendant's suggestion that we use this judicial decision as the vehicle for promulgating a rule to regulate prospectively on the racial aspects of peremptory challenges when no issue of the validity of such a practice is before us. We intimate no opinion on whether, or to what extent, if any, the making of peremptory challenges may be regulated in the manner suggested by the defendant, or whether it can be done under the powers given to this court by G. L. c. 211, § 3.

2. *Instructions to the jury.* The defendant seasonably filed a written request that the judge instruct the jury in effect that they "must find the defendant not guilty . . . unless you find beyond a reasonable doubt the identity of the defendant as the person who in fact was responsible for the conduct constituting the alleged murder." The judge did not grant the request in that language. However, in the course of his charge the judge did instruct the jury that "[t]he evidence must convince the jury beyond a reason-

---

[2] In relation to this argument the defendant suggests the following rule: "[T]hat in any instance in which a member of a minority group is on trial in a criminal case, the party challenging be required, in a case in which twelve or more challenges are available to the party, to justify the challenges of more than two members of the same minority group as the defendant to the trial judge *in camera,* and, in a case where less than twelve peremptory challenges are available, to make a similar justification as to challenges exercised against more than the number of members of the same minority group, which is equal to one quarter of the total number of challenges available to such party."

able doubt that the defendant and no one else committed the crime," and that "you have to determine whether the evidence satisfies you beyond a reasonable doubt that this defendant killed John Labanara." Substantially the same statements were repeated at several other points in the charge.

After the jury had been deliberating for about four hours (less time for lunch) they sent the judge the following written question: "May we see the testimony of Mr. Foye, concerning his identification of Mr. King being at the scene of the homicide?"[3] The judge thereupon had the stenographer read the testimony of Mr. Foye on the matter of identification. Counsel for the defendant then asked the judge to instruct the jury that "if they find there was a homicide they must then, in order to find the defendant guilty of murder in the first degree or murder in the second degree, find beyond a reasonable doubt that he was a participant in a homicide." The judge declined to give the instruction, saying "I think that was fully covered in my lengthy instructions this morning."

"The test of the . . . [judge's charge to the jury] is the impression created by it as a whole. *Commonwealth* v. *Pinnick,* 354 Mass. 13, 15 [1968]. The judge was not bound to instruct in the exact language of the requests. *Commonwealth* v. *Lussier,* 333 Mass. 83, 93 [1955]. *Commonwealth* v. *Devlin,* 335 Mass. 555, 569 [1957]. While a defendant, in a criminal case, is entitled to have the issues of fact clearly presented to the jury and the law applicable thereto carefully explained, the method and extent of the charge must be left to the discretion of the judge. It is not to be expected that he shall discuss every subsidiary fact and possible inference. *Commonwealth* v. *Greenberg,* 339 Mass. 557, 584-585 [1959]. *Commonwealth* v. *Monahan,* 349 Mass. 139, 170-171 [1965]." *Commonwealth* v. *Kelley,* 359 Mass. 77, 92 (1971). Tested by these principles, the judge's instructions to the jury were full, fair, and ade-

---

[3] Arthur Foye was a Commonwealth witness who was near the scene of the homicide when it occurred.

quate, and we hold that there was no error in his refusal to give the specific instructions requested by the defendant. In answering the very limited question submitted by the jury the judge was not required to repeat the whole or any part of his original instructions to them.

3. *Consideration under G. L. c. 278, § 33E.* We are required by this statute to consider the whole case on both the law and the evidence, and we have done so. We have concluded from our review that this is not an appropriate case for the exercise of the power given this court under § 33E. On the entire evidence the jury could have found that the defendant and his two companions, Zelenka and Yuhas, came from New Hampshire to Boston, armed with a loaded revolver, in search of a victim to rob, and that while intending and attempting to rob Labanara the defendant shot and killed him. We hold that the defendant is entitled neither to a new trial nor to the entry of a verdict of a lesser degree of guilt than that found by the jury.

*Judgments affirmed.*