MARGARET C. MAHONEY & others *vs.* BOARD OF APPEALS OF WINCHESTER & another.

Middlesex.    April 5, 1974. — September 4, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Housing. Zoning,* Low and moderate income housing. *Constitutional Law,* Housing, Zoning, Equal protection of laws. *Equity Pleading and Practice,* Appeal.

Where an appeal from a final decree dismissing the plaintiffs' bill was filed within twenty days of the entry of the decree, the appeal was seasonably filed within the twenty-day limit allowed under G. L. c. 214, § 19, despite the fact that the appeal was filed more than twenty days after the judge's allowance of the defendant's motion for immediate entry of a final decree. [230]

General Laws c. 40B, §§ 20-23, permitting a municipal board of appeals to issue comprehensive permits for the construction of low or moderate income housing, does not constitute an unlawful delegation of legislative authority, nor does it fail to set forth adequate standards for the board's guidance. [231-232]

The fact that an applicant for a permit for the construction of low and moderate income housing has a right to appeal from an unfavorable decision of a zoning board of appeals to the Housing Appeals

Committee under G. L. c. 40B, § 22, while a person aggrieved by the issuance of such a permit must appeal to the courts under c. 40B, § 21, and c. 40A, § 21, does not constitute a denial of equal protection of the laws inasmuch as there is no substantial difference between the alternate methods of review. [231-232]

There was no merit to the contention that G. L. c. 40B, §§ 20-23, granting a municipal board of appeals the power to override zoning ordinances or by-laws which hamper construction of low or moderate income housing permitted spot zoning and constituted a denial of equal protection of the laws. [232]

Municipal boards of appeals under G. L. c. 40B, §§ 20-23, have the power to override requirements of the subdivision control law, c. 41, §§ 81K-81GG, in granting comprehensive permits for low and moderate income housing. [232-233]

BILL IN EQUITY filed in the Superior Court on March 23, 1972.

The suit was heard by *Chmielinski, J.*

*Margaret C. Mahoney* for the plaintiffs.

*Jack J. Moss* for First Carriage Hill Associates, Inc.

*Douglas A. Randall,* Town Counsel, for the Board of Appeals of Winchester.

QUIRICO, J.    By this bill in equity brought under G. L. c. 40A, § 21, the plaintiffs seek to annul the decision of the defendant board of appeals of the town of Winchester (the board) granting the defendant First Carriage Hill Associates, Inc. (First Carriage), a comprehensive permit to construct 176 units of low and moderate income housing under the provisions of G. L. c. 40B, §§ 20-23, all inserted by St. 1969, c. 774, § 1. The plaintiffs own property in Winchester abutting the property for which this comprehensive permit was granted. They bring this suit as persons allegedly "aggrieved" by its issuance, as provided in c. 40B, § 21.

The board originally granted a permit to First Carriage by a decision dated March 3, 1972, in response to which the plaintiffs filed their original bill of complaint in the Superior Court. After several days of trial the judge remanded the case to the board in order that notice and an opportunity to be heard could be given to owners of neighboring property in addition to the abutters of the

property involved. The board gave such notice, held an additional hearing on First Carriage's application, and on December 29, 1972, affirmed its previous decision. The plaintiffs thereafter filed a supplemental bill of complaint. On March 26, 1973, First Carriage filed a "Motion for Immediate Entry of Final Decree in Favor of the Respondents," alleging in substance that the plaintiffs' bill raised only an issue of law which had been resolved by this court in *Board of Appeals of Hanover* v. *Housing Appeals Comm. in the Dept. of Community Affairs,* 363 Mass. 339 (1973), decided March 22, 1973. The motion was allowed and a final decree dismissing the plaintiffs' bill was entered. The case is before us on the plaintiffs' appeal. We affirm.

1. We first dispose of First Carriage's claim that the plaintiffs' appeal to this court was not filed within the twenty days permitted. See G. L. c. 214, § 19. There is no merit in this argument. Although the judge allowed First Carriage's motion for immediate entry of final decree on April 17, 1973, and a notation to that effect was written on the motion, the final decree was not entered until May 4. As a general rule, only the final decree itself is the subject of appeal. See *Fusaro* v. *Murray,* 300 Mass. 229, 230-231 (1938). Although there are cases in which both parties have treated the judge's informal notation of his ruling or an order for a final decree as the final decree itself, see *Wallin* v. *Smolensky,* 303 Mass. 39, 42 (1939); *A. J. Wolfe Co.* v. *Baltimore Contractors, Inc.* 355 Mass. 361, 363 (1969), the parties did not do so in this case with respect to the judge's April 17 notation on the motion. First Carriage prepared and filed the final decree for entry, as it was required to do by Rule 82 of the Superior Court (1954), as amended, and it is therefore responsible for any delay between the allowance of its motion and entry of such decree. The statutory twenty-day appeal period ran from May 4, 1973, and not April 17. The plaintiffs filed their appeal seasonably on May 24.

2. Although neither First Carriage nor the board filed a demurrer and both filed answers to the plaintiffs' bill, there appears to be no factual dispute between the parties. There

was no evidentiary hearing on the bill. Accordingly, the question before us is limited to whether the plaintiffs' allegations are sufficient as matter of law for them to maintain their cause of action. We hold that they are not.

The plaintiffs' allegations may be summarized as follows. General Laws c. 40B, §§ 20-23, constitutes an unlawful delegation of power and fails to set forth adequate standards to guide the board's action, in violation of the plaintiffs' constitutional rights under the Fourteenth Amendment to the United States Constitution and art. 10 of the Massachusetts Declaration of Rights. The board's action in granting the comprehensive permit to First Carriage denies the plaintiffs equal protection of the laws and due process of law in violation of the Fourteenth Amendment to the United States Constitution and the Massachusetts Declaration of Rights. By granting First Carriage an "immunity" from the requirements of the subdivision control law and the Winchester building by-law, the board has deprived the plaintiffs of their rights, inherent in their ownership of adjacent property, to have these requirements uniformly enforced. General Laws c. 40B, §§ 22-23, by giving only the applicant for a comprehensive permit the right of appeal to the Housing Appeals Committee in the Department of Community Affairs, denies the plaintiffs their right to equal access to the courts. The board failed to satisfy the criteria required by G. L. c. 40B, § 21, prior to granting a comprehensive permit. The board failed to give proper notice of the initial hearing.

The claim that G. L. c. 40B, §§ 20-23, constitutes an unconstitutional delegation of power and is unconstitutionally vague was given extensive treatment in *Board of Appeals of Hanover* v. *Housing Appeals Comm. in the Dept. of Community Affairs,* 363 Mass. 339, 363-368 (1973), and was resolved against the position argued here by the plaintiffs. Nothing need be added to our discussion in that case. The same is true of the plaintiffs' claim that they have been denied equal access to the courts on the ground that they have no right of appeal to the Housing Appeals

Committee. This is in essence an argument that the different method of review afforded an applicant for a permit from one aggrieved by its issuance constitutes a denial of equal protection of the laws. In response to a contention, the reverse of what the plaintiffs raise here — that it was the applicant who was denied equal protection by virtue of being forced to appeal to the Housing Appeals Committee rather than seeking a de novo review in the Superior Court — we held in the *Hanover* case that "there are no substantial differences between the alternative methods of review." *Id.* at 371. And finally, to the extent that the plaintiffs' explicit allegation of a denial of equal protection constitutes a contention that G. L. c. 40B, §§ 20-23, permits unconstitutional spot zoning, the *Hanover* case specifically considered and rejected the claim. *Id.* at 360-363.

The plaintiffs' principal contention on appeal centers around their allegation concerning the subdivision control law, G. L. c. 41, §§ 81K-81GG. They argue first that G. L. c. 40B, §§ 20-23, was not intended to permit a zoning board of appeals to override the requirements of the subdivision control law in granting a comprehensive permit. They then argue that in this case the board granted First Carriage an "immunity" from these requirements and that by doing so the board denied the plaintiffs their right to equal protection of the laws. We do not agree, and we believe that, although these precise claims were not specifically considered in the *Hanover* case, our opinion there in effect disposes of them.

By the provisions of c. 40B, § 21, the board has "the same power to issue permits or approvals as any local board or official who would otherwise act with respect to such application." "Local Board" as defined in § 20 explicitly includes the planning board and the board of subdivision control appeals, the two administrative bodies in charge of implementing the subdivision control law. In the *Hanover* case we held that the board's power under that part of § 21 quoted above includes the power to override "local 'requirements and regulations' " — in that case zoning by-

laws — which are not "consistent with local needs": "[T]he statute's legislative history and avowed purpose to facilitate the construction of low and moderate income housing in areas which have exclusionary zoning practices compel our decision to construe the statute so that zoning ordinances or by-laws are treated like any other local requirements which hamper the construction of low and moderate income housing. All these local 'requirements and regulations' will be applicable if they are 'consistent with local needs'; if they are not, they must be modified or ignored." 363 Mass. at 354 (1973). This analysis is equally applicable to the requirements of the subdivision control law.

The record does not indicate whether the board "modified or ignored" the requirements of this law in granting First Carriage a comprehensive permit, but even if it did, such action would not deny the plaintiffs equal protection of the laws. Despite the plaintiffs' view of the requirements of the equal protection clause it is clear, as we emphasized in the *Hanover* case, that the Legislature's authority to regulate local zoning and related practices is very broad and that the court's role in reviewing its exercise, as provided in c. 40B, §§ 20-23, "is limited to the determination of whether the legislation adopts a reasonable means to serve a legitimate public purpose." *Id.* at 385. We concluded there that this legislation does so, and our conclusion is not changed by the fact that the plaintiffs in this case are individual property owners whose land abuts the parcel at issue and not, as in the *Hanover* case, public bodies responsible for enforcing the law.

The plaintiffs do not argue in their brief their allegation concerning improper notice and we treat the allegation as waived. See S.J.C. Rule 1:13, 351 Mass. 738 (1967); *Finance Comm. of Falmouth* v. *Falmouth Bd. of Pub. Welfare,* 345 Mass. 579, 587 (1963). Moreover, there is nothing in the record to support such a claim.

*Decree affirmed with costs of appeal.*