## COMMONWEALTH vs. JAMES MITCHELL.

Suffolk.    February 3, 1975. — April 16, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Jury and Jurors.   Evidence,* Judicial discretion.  *Waiver.*

In the absence of a showing at the trial of a sex related offence that
    women as a class were in fact excluded from the jury, there was
    no error in the judge's asking prospective women jurors pursuant
    to G. L. c. 234, § 1A, whether any of them wished to be ex-
    cused.  [420]

A defendant in a criminal case was not denied a trial by an impartial
    jury by reason of peremptory challenges by the prosecutor of po-
    tential black jurors.  [420]

At a criminal trial, there was no error in the allowance of certain
    leading questions and the limiting of cross-examination [420]; in a
    ruling that a witness was qualified as an expert and could testify
    [421]; or in a ruling that the defendant had knowingly and in-
    telligently waived any objections to the prosecutor's reference to
    the defendant's refusal to produce a sample of his hair [421].

INDICTMENT found and returned in the Superior Court
on June 14, 1973.

The case was tried before *McLaughlin,* C.J.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Richard M. Lane* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for
the Commonwealth.

REARDON, J. The defendant was indicted for indecent
assault and battery on a child under fourteen years of

age, and for assault with intent to rape, and was found guilty on the indecent assault and battery charge. The cases were taken under G. L. c. 278, §§ 33A-33G. He is here on assignments of error to which we will make brief allusion.

1. It appears that following the seating of prospective jurors the judge, pursuant to G. L. c. 234, § 1A, explained the nature of the charge and asked the women on the jury whether any of them wished to be excused. The record indicates that none did. The defendant's argument based on *Taylor* v. *Louisiana,* 419 U. S. 522 (1975), does not come into play, for he has made no showing that women as a class were in fact excluded from the jury. See *Commonwealth* v. *McKay,* 363 Mass. 220, 223-224 (1973); *Commonwealth* v. *Stone,* 366 Mass. 506, 509-510 (1974).

2. The defendant states that he was denied a trial by an impartial jury because the Commonwealth challenged potential black jurors, and no blacks sat on the jury. But as was stated in *Swain* v. *Alabama,* 380 U. S. 202, 220 (1965), "The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control." We do not propose to transmute peremptory challenges into challenges for cause. See *Commonwealth* v. *Talbert,* 357 Mass. 146, 147 (1970); *Commonwealth* v. *Stone, supra.*

3. Error is alleged in that the judge allowed certain leading questions, but this is a matter within his discretion. *Commonwealth* v. *Monahan,* 349 Mass. 139, 162-163 (1965), and cases cited. Our review of the questions objected to indicates no abuse of discretion on the part of the trial judge. Nor is it our view that he unduly limited the cross-examination of the witnesses. The proper scope of cross-examination rested largely in the sound discretion of the judge, *Commonwealth* v. *Smith,* 329 Mass. 477, 479 (1952), and the limitations here fall far short of treading on the defendant's right of

confrontation under the Sixth Amendment to the United States Constitution. Cf. *Davis* v. *Alaska,* 415 U. S. 308, 315-318 (1974).

4. There is complaint about the admission of a hospital record containing a history of the incident. It appears, however, that two hospital records were involved and that the judge, after colloquy with counsel and the express agreement of defense counsel, admitted the histories contained in both records. These went in without objection and no exception was saved from the ruling of the judge.

5. The complaint of the defendant relative to the qualifications of an expert on the characteristics of human hair is without merit. Here again this was a matter peculiarly within the discretion of the trial judge, and it is most apparent that he made no error either in ruling that the expert was qualified or in the admission of his testimony.

6. None of the defendant's rights under the Fourth and Fifth Amendments to the United States Constitution was violated by testimony which made reference to his refusal to produce a hair sample. See *Commonwealth* v. *Appleby,* 358 Mass. 407, 413-414 (1970), and cases cited. It is significant that the defendant originally agreed to submit a hair sample and later refused to do so. The prosecutor's reference to these circumstances came after the defense counsel affirmed his intent to argue to the jury the negative inference of the Commonwealth's failure to compel production of a hair sample. At that time defense counsel expressly agreed with the judge's ruling that the area would be open to discussion by the prosecutor as well as by the defendant. The judge properly ruled that any objections had been knowingly and intelligently waived.

7. Inasmuch as we consider the other assignments of error to be without merit, we do not discuss them.

*Judgment affirmed.*