## LESLIE A. REDDICK vs. COMMONWEALTH.

Suffolk.  May 5, 1980. — August 29, 1980.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Jury and Jurors.  Constitutional Law,* Jury, Retroactivity of judicial
holding.  *Practice, Criminal,* Challenge of jurors, Instructions to jury.
*Homicide.  Self-Defense.*

On report of a petition for a writ of error in a case where racial tensions
were not involved, this court refused to give retroactive effect to its
decision in *Commonwealth* v. *Soares,* 377 Mass. 461 (1979), prohibit-
ing the use of peremptory challenges to exclude jurors solely on the
basis of race.  [399-403]

At the trial of a murder case, the judge's instructions to the jury with
respect to the burden of proof as to self-defense and provocation were
constitutionally adequate despite a sentence stating that if "this
defense of self-defense is established to your satisfaction" the defendant
should be acquitted.  [404-407]

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on May 1, 1979.

The case was reported by *Liacos,* J.

*John J. Regan* for Leslie A. Reddick.

*Betty Arnquist,* Special Assistant District Attorney
(*Michael J. Traft,* Assistant District Attorney, with her) for
the Commonwealth.

WILKINS, J.  By a petition for a writ of error, filed in
May, 1979, Leslie A. Reddick, whom for convenience we
shall call the defendant, challenges his June, 1970, convic-
tion of murder in the first degree.  We affirmed that convic-
tion on direct appeal in *Commonwealth* v. *Reddick,* 372
Mass. 460 (1977).  He now advances arguments that were
not raised in that appeal, although each of them might have
been.  He challenges the jury selection process, asserting
that the prosecutor used his peremptory challenges to ex-

clude blacks from the jury contrary to the defendant's rights under the Constitution of the Commonwealth. He further argues that the judge's charge to the jury was deficient in certain respects; most particularly, he claims that it unconstitutionally imposed on him the burden of proving that he acted in self-defense and with reasonable provocation. We affirm the conviction.

1. The defendant argues that, at his 1970 trial, over timely objection, the prosecutor improperly used peremptory challenges to exclude all but one black person from the jury and that the jury selection procedures of *Commonwealth* v. *Soares*, 377 Mass. 461, cert. denied, 444 U.S. 881 (1979), should be applied retroactively so as to invalidate his conviction. In the *Soares* case, this court held that the exercise of peremptory challenges to exclude blacks from the jury, "solely on the basis of bias presumed to derive from [their] membership in the group," contravened the defendants' right to a trial before a jury of their peers as guaranteed by art. 12 of the Declaration of Rights of the Constitution of the Commonwealth. *Id.* at 488.

Without deciding the point, we shall assume that the prosecutor's challenges to all black veniremen, except the one black who sat on the jury, were made solely on the basis of their race. The issue then becomes whether the rule announced in the *Soares* opinion should be applied to this trial that took place almost nine years before the *Soares* opinion was released.

We think the *Soares* principle should not be applied retroactively, at least in this case where race was not a factor in the trial.[1] See *Commonwealth* v. *Lumley*, 367 Mass. 213, 216, 219-220 & n.5 (1975). Citing a number of opinions, most of which we discuss subsequently, the court in its *Soares* opinion anticipated today's holding by stating that "[t]he rule adopted today applies to the defendants in these

---

[1] This trial did not involve the racial tension of the *Soares* case where the defendants were black and the victims were white. Here, the defendant and the victim were both black, eight of the eleven prosecution witnesses were black, and only the defendant testified for the defense.

cases and to the defendants in all cases now pending on direct appeal where the record is adequate to raise the issue." *Id.* at 493 n.38.[2] See *Commonwealth* v. *Walker,* 379 Mass. 297, 300-301 (1979).

The reasons why a newly created constitutional principle should be applied to cases on direct appeal but not automatically to cases of post conviction or collateral attack are well articulated in *Linkletter* v. *Walker,* 381 U.S. 618, 627-629 & 636-640 (1965); *Mackey* v. *United States,* 401 U.S. 667, 677-695 (1971) (Harlan, J., concurring); and *Desist* v. *United States,* 394 U.S. 244, 258-263 (1969) (Harlan, J., dissenting). We apply these same considerations in deciding whether the State constitutional principle announced in the *Soares* case should be applied retroactively.

In *Linkletter* v. *Walker, supra,* the Court stated that a newly announced change in law would be given effect in cases on direct review, but that the effect of such rules on final judgments being collaterally attacked depended on a number of considerations. The most important consideration is the extent to which the new rule is designed "to improve the 'integrity of the factfinding process.'" *Hankerson* v. *North Carolina,* 432 U.S. 233, 243 (1977). *Desist* v. *United States, supra* at 257 (Harlan, J., dissenting). *Linkletter* v. *Walker, supra* at 629.

The United States Supreme Court has given full retroactive effect to a newly created constitutional rule in relatively few instances. In *Ivan V.* v. *City of New York,* 407 U.S. 203 (1972), and *Hankerson* v. *North Carolina,* 432 U.S. 233 (1977), the Court made completely retroactive the rules in *In re Winship,* 397 U.S. 358 (1970), and *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), respectively. These cases involved the reasonable-doubt standard of proof in criminal trials and, accordingly, were governed by the Court's rule

---

[2] One of the cited opinions was *People* v. *Wheeler,* 22 Cal. 3d 258 (1978), on which the court relied heavily in adopting the constitutional rule it did. The California court indicated that it would apply its rule prospectively except as to the defendants in the cases before them and as to any defendant sentenced to death. *Id.* at 283 n.31.

that "'[w]here the *major* purpose of the new constitutional doctrine is to overcome an aspect of the criminal trial that *substantially* impairs its truth-finding function and so raises *serious* questions about the accuracy of guilty verdicts in past trials, the new rule [is] given complete retroactive effect.'" *Hankerson* v. *North Carolina, supra* at 243, quoting from *Ivan V.* v. *City of New York, supra* at 204. Accord, *Commonwealth* v. *Stokes,* 374 Mass. 583, 587-590 (1978).

The United States Supreme Court has also given full retroactive effect to rules involving an indigent's right to the advice of counsel at trial (*Gideon* v. *Wainwright,* 372 U.S. 335 [1963]), and an accused's right to exclude an involuntary confession from trial (*Jackson* v. *Denno,* 378 U.S. 368 [1964]). The assistance of counsel at trial is a right that pervades the entire criminal proceeding (*Johnson* v. *New Jersey,* 384 U.S. 719, 728 [1966]), and the exclusion of involuntary confessions is a procedure that affects the reliability of jury verdicts "because confessions are likely to be highly persuasive with a jury, and if coerced they may well be untrustworthy by their very nature." *Id.* at 729. Thus, both of these new constitutional rules "affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.'" *Id.* at 727-728.

The case before us is of a different character. See *Tehan* v. *United States ex rel. Shott,* 382 U.S. 406, 416 (1966).[3]

---

[3] "We here stress that the choice between retroactivity and nonretroactivity in no way turns on the value of the constitutional guarantee involved." *Johnson* v. *New Jersey,* 384 U.S. 719, 728 (1966). Many important, even fundamental, constitutional rights have been held not to be retroactive. See, e.g., *United States* v. *Peltier,* 422 U.S. 531 (1975) (invalidation of warrantless automobile searches without probable cause); *Michigan* v. *Payne,* 412 U.S. 47 (1973) (prohibition against vindictive imposition of stricter sentence on defendant after retrial); *Adams* v. *Illinois,* 405 U.S. 278 (1972) (right to counsel at preliminary hearing); *Desist* v. *United States,* 394 U.S. 244 (1969) (protection from electronic surveillance); *Stovall* v. *Denno,* 388 U.S. 293 (1967) (right to counsel at pretrial identifications); *Johnson* v. *New Jersey,* 384 U.S. 719 (1966) (guarantee of privilege against self-incrimination at custodial interrogation); *Tehan* v. *United States ex rel. Shott,* 382 U.S. 406 (1966) (prohibition of adverse comments on criminal defendant's failure to testify at trial); *Linkletter* v. *Walker,* 381 U.S. 618 (1965) (exclusionary rule applied to illegally seized evidence).

Whatever impropriety may have been involved in the prosecutor's use of peremptory challenges, there is no showing that the jurors who were actually chosen were incapable of reaching an impartial verdict. In this case, where racial tensions were not involved, there is no basis for concluding that the prosecutor's conduct resulted in a biased jury on the issue of guilt or that the risk of conviction was substantially increased. See *DeStefano* v. *Woods*, 392 U.S. 631, 633-634 (1968); *Witherspoon* v. *Illinois*, 391 U.S. 510, 517-518 (1968). The integrity of the fact-finding process was not affected in the case before us.

There are factors in addition to the effect on the fact-finding process that bear on the propriety of making a newly announced constitutional principle retroactive. The Supreme Court has considered (a) the purpose of the new rule, (b) the extent of reliance by law enforcement authorities on the old rule, and (c) the effect that retroactive application would have on the administration of justice. *Stovall* v. *Denno*, 388 U.S. 293, 297 (1967).

The purpose of the principles announced in the *Soares* case would not be served by applying them retroactively in a case of the kind now before us. The rule of the *Soares* case was designed, in major part, to deter counsel from influencing the composition of juries by peremptorily challenging persons solely because of their membership in a particular group. Making the *Soares* principle retroactive would not better accomplish the goal of improving future jury selection. See *DeStefano* v. *Woods*, 392 U.S. 631, 634 (1968); *Linkletter* v. *Walker*, 381 U.S. 618, 636-637 (1965). To the extent that the *Soares* principle was intended to deal with the unfairness of the prosecutor's action in the trial of that case, where racial tensions may have influenced the jury verdict, the principle has no application here, where the trial had no such tensions.

The rule announced in the *Soares* case was not "clearly foreshadowed" by prior case law. See *Desist* v. *United States*, 394 U.S. 244, 257 (1969) (Harlan, J., dissenting).

Thus, both counsel and judges fairly relied on this court's pronouncements in pre-*Soares* cases for dealing with objections to peremptory challenges claimed to be racially motivated. See, e.g., *Commonwealth* v. *Mitchell*, 367 Mass. 419, 420 (1975); *Commonwealth* v. *King*, 366 Mass. 6, 8-9 (1974), cert. denied sub nom. *McAlister* v. *Massachusetts*, 419 U.S. 1115 (1975). See also *Swain* v. *Alabama*, 380 U.S. 202 (1965). It would hardly be fair to require clairvoyance on the part of prosecutors when no such standard is imposed on defense counsel. See *Commonwealth* v. *Stokes*, 374 Mass. 583, 588 (1978).

The retroactive application of the *Soares* rule would adversely affect the administration of justice. See *Commonwealth* v. *Lumley*, 367 Mass. 213, 219-220 (1975); *Mackey* v. *United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring); *Linkletter* v. *Walker*, *supra* at 637-638. The defendant's conviction has already been subject to review on appeal in this court. *Commonwealth* v. *Reddick*, 372 Mass. 460 (1977). The issue now asserted was open on the transcript of the trial and was not thought sufficiently meritorious to warrant advancing it on appeal to this court. There must be a reasonable moment for a judgment to become final and a time beyond which further challenges must be barred. See *Mackey* v. *United States*, 401 U.S. 667, 689-691 (1971) (Harlan, J., concurring). At least where the integrity of the fact-finding process is not shown to have been adversely affected, we decline to apply the principles of the *Soares* case in a postconviction collateral attack.

Our treatment of the retroactivity of the holding in the *Soares* case has a substantial parallel to the Supreme Court's treatment of the retroactivity of *Taylor* v. *Louisiana*, 419 U.S. 522 (1975). In that case the Court held that "the exclusion of women from jury venires deprives a criminal defendant of his Sixth Amendment right to trial by an impartial jury drawn from a fair cross section of the community." *Id.* at 535-536. In *Daniel* v. *Louisiana*, 420 U.S. 31 (1975), the Supreme Court considered the same factors we have

considered above and held that the rule of *Taylor* v. *Louisiana* was not to be applied retroactively.[4]

2. The defendant challenges the judge's instructions on the burden of proof as to self-defense and provocation. The defendant's trial counsel made no request for instructions concerning the Commonwealth's burden of proof on these points, and neither made any objection nor took any exception to the charge as given. Although the defendant's trial took place in June, 1970, his brief on appeal was not filed here until November 23, 1976, and the case was argued before this court on March 8, 1977, after the decisions in *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), *Commonwealth* v. *Rodriguez*, 370 Mass. 684 (July 15, 1976). In his appeal, the defendant did not raise these present arguments, although he did challenge the judge's instructions in another respect and noted in his brief that the Commonwealth had the burden to prove the absence of self-defense beyond a reasonable doubt, citing the *Rodriguez* case.

Normally, a "writ of error cannot be used to review issues that could have been raised at trial and thereafter on appeal." *DeJoinville* v. *Commonwealth, ante* 246, 248 (1980). However, this court has entertained constitutionally based, postconviction, collateral claims that jury instructions misplaced the burden of proof as to self-defense, even where the issue could have been but was not raised at trial or on appeal. *Connolly* v. *Commonwealth*, 377 Mass. 527, 531 n.9 (1979). The standard of review for such a claim is whether there is a substantial risk that a miscarriage of justice has occurred. *Gibson* v. *Commonwealth*, 377 Mass. 539, 541 (1979). We conclude that, by whatever standard, the judge's instructions were adequate.

In determining whether the judge's charge on the Commonwealth's burden of proof is constitutionally adequate, we consider the charge in its entirety. *Commonwealth* v.

---

[4] On similar analysis, the United States Supreme Court has declined to give retroactive effect to other constitutional rules involving the Sixth Amendment right to jury trial. See, e.g., *Gosa* v. *Mayden*, 413 U.S. 665 (1973) (plurality opinion); *DeStefano* v. *Woods*, 392 U.S. 631 (1968).

*Fluker,* 377 Mass. 123, 129-130 (1979), and cases cited. In this case, the judge clearly placed the burden of disproving self-defense and provocation on the Commonwealth. The judge instructed at length on the presumption of innocence and specifically stated that the "defendant is not required to prove that he is innocent. He has not the burden of proving any fact whatsoever." The judge also charged correctly on proof beyond a reasonable doubt and repeated several times that the Commonwealth had the burden of proving every essential allegation in the indictment. The instructions on malice were irreproachable. Nowhere did the judge mention a presumption of malice. Contrast *DeJoinville* v. *Commonwealth, ante* 246, 253-254 (1980); *Commonwealth* v. *Callahan,* 380 Mass. 821, 822-825 (1980); *Sandstrom* v. *Montana,* 442 U.S. 510 (1979). He made very clear that the Commonwealth bore the burden of proving malice and, additionally, of proving deliberate premeditation in order to establish that the defendant was guilty of murder in the first degree.[5] Furthermore, he was careful to correlate the elements of malice with the concepts of self-defense and provocation and explained a number of times that malice was mutually exclusive of any form of legal justification, mitigation, or excuse. See *Commonwealth* v. *Peters,* 372 Mass. 319, 325 (1977). This is a case where the jury charge "clearly placed the burden of proving malice beyond a reasonable doubt on the Commonwealth and contained other discussion which, although not referring to the burden of proof as to self-defense and reasonable provocation, adequately defined those factors and established them as negating a finding of malice."

---

[5] The judge's instructions included the following language:

"In order to establish murder in the first degree under the first way set out in the statute, it is not only necessary for the Commonwealth to prove that the killing was done with malice aforethought — you will recall that murder is a killing that is done with malice aforethought — but it must also appear that the act was deliberately premeditated in the language of the statute.

"When murder is proved, it is deemed to be murder in the second degree unless the characteristics of murder in the first degree are proved beyond a reasonable doubt." .

*Commonwealth* v. *Stokes,* 374 Mass. 583, 591 (1978). Such a charge is constitutionally adequate. *Id. Connolly* v. *Commonwealth,* 377 Mass. 527, 531 (1979).

The defendant argues that the judge committed constitutional error by including the following sentence in his charge: "If this defense of self-defense is established to your satisfaction, a defendant should be acquitted of both murder and manslaughter." Similar language has been criticized in previous cases. See *Connolly* v. *Commonwealth,* 377 Mass. 527, 533 (1979); *Commonwealth* v. *Collins,* 374 Mass. 596, 600-601 (1978); *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 690-691 & n.8 (1976). However, this isolated statement, contained in instructions of over seventy pages, does not invalidate a charge which clearly stated at the outset that the defendant was not required to prove any fact and which consistently emphasized that the Commonwealth retained the burden of proving every element of the crime beyond a reasonable doubt. See *Commonwealth* v. *Fitzgerald,* 380 Mass. 840, 843 (1980).

The defendant also argues that the judge should have reiterated, in his remarks on mitigating factors, that the Commonwealth has the burden of disproving provocation. But "the law does not require repetition of the same thought at each turn." *Id.* at 846, quoting from *Commonwealth* v. *Peters,* 372 Mass. 319, 324 (1977). See *Gibson* v. *Commonwealth,* 377 Mass. 539, 540 (1979); *Commonwealth* v. *Redmond,* 357 Mass. 333, 342 (1970).

The defendant's reliance on *Commonwealth* v. *Harrington,* 379 Mass. 446 (1980), is misplaced. The judge's charge in the *Harrington* case was phrased in a way that tended to disparage any theory of self-defense. We stated that the court's comments "may have tended to foreclose more serious consideration of the issue of self-defense by the jury, if not to invade their province by suggesting that Harrington was the aggressor and thus ineligible for such a defense." *Id.* at 454. The judge's instructions in the present case did not cast any aspersions on the appropriateness of self-defense in the

defendant's situation. The remarks on self-defense were essentially neutral.

The defendant's argument that the judge erred in failing to instruct the jury that the use of excessive force in self-defense reduces the crime of murder to manslaughter is not constitutionally based, was not preserved for appeal, and has been waived. *Commonwealth* v. *Harrington, supra* at 455 n.5. The same is true with respect to the defendant's argument that the judge should have charged on the possible effects of the defendant's intoxication on his capacity for deliberate premeditation. Even if the evidence was sufficient to raise this issue, the defendant did not preserve the point by an objection to the charge and, as a matter of reasonable trial tactics, may not have wished to press the point because it would have tended to undermine his claim that he acted in self-defense.

*Judgment affirmed.*