COMMONWEALTH vs. A JUVENILE. January 31, 1984. *Homicide. Self-Defense.*

The defendant was found guilty by a jury in the Boston Juvenile Court on a complaint charging him with delinquency by reason of murder. G. L. c. 265, § 1. (He was acquitted on a complaint charging him with

delinquency by reason of assault and battery by means of a dangerous weapon. G. L. c. 265, § 15A.) On appeal he argues that the trial judge erred in refusing to instruct the jury on the question of self-defense and the crime of involuntary manslaughter. We reverse.

From all the evidence, including the defendant's testimony, the jury could have found the following facts. On March 27, 1982, about 8:00 P.M., the defendant, then sixteen years of age, and a friend left a grocery store in the Dorchester area of Boston and proceeded to walk down the street. The victim, his mother, brother, sister, and sister-in-law, were seated in a car parked outside the store. As the defendant passed the car, the victim's sister pointed him out to her family and stated that he had been harassing her. (The defendant admitted at trial that he had called the girl names and had thrown snowballs at her.) While the defendant and his friend continued down the street, the victim and his sister got out of the car, followed them, and called out the defendant's name. He turned and walked back to meet them while his friend waited.

When the defendant was face to face with the victim and his sister, the victim accused him of having bothered the girl. The defendant replied, "Get out of my face," and the victim punched him in the face. The defendant's friend, seeing the victim's brother leave the car and run up behind the defendant, called out a warning to him to watch his back. As the defendant turned to look, the victim hit him in the back of the head. The defendant pulled out a knife and swung it about to fend off the victim, who was turning away from the defendant. The knife caught the victim in the back just as his brother grabbed the defendant from behind and threw him to the ground, where a struggle for the knife ensued.

The victim's mother and sister-in-law came up to the immediate area, broke up the fight, told the defendant to leave, and took the victim to a hospital. The victim died at the hospital, the knife having penetrated his lung.

The trial judge instructed the jury on self-defense in respect to the complaint based upon an assault and battery by means of a dangerous weapon upon the victim's brother. However, he refused to instruct on self-defense and involuntary manslaughter on the complaint charging delinquency by reason of murder.

1. An instruction on self-defense in respect to the complaint based upon murder would have allowed the jury to consider the questions whether the defendant had acted to protect himself and whether he had done so with reasonable or excessive force. When the issue of self-defense is raised by the evidence, a defendant is entitled to an instruction which places upon the Commonwealth the burden of disproving that defense beyond a reasonable doubt. *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 692 (1976). Before a defendant may claim a right to that instruction, there must be evidence that advantage was taken of every reasonable opportunity to avoid the combat. See *Commonwealth* v. *Mains,* 374 Mass. 733, 736 (1978). In considering the defendant's claim, we view

the evidence in the light most favorable to him. *Commonwealth* v. *Maguire*, 375 Mass. 768, 769 (1978). There was evidence to show, in addition to that previously recited, that, in the past, the defendant had been robbed twice and had been stabbed by an assailant on the street. In the rapid succession of events on the night in question, the defendant, according to his testimony, did not return to the victim and his sister in anticipation of combat, he did not initiate the confrontation, he did not strike the first blow, he did not draw the knife until warned that a third person was at his back, and it was his intent to use the knife to fend off, rather than stab, the assailant so that he could turn to meet the person coming from behind. Compare *Commonwealth* v. *Bertand*, 385 Mass. 356, 358-361 (1982). We think the evidence sufficient to require the jury to consider, upon appropriate instruction, whether the defendant had acted in self-defense. See *Commonwealth* v. *Harrington*, 379 Mass. 446, 452 (1980), and cases therein cited.

2. Voluntary manslaughter is "characterized by a real design and purpose to kill, but without malice," *Commonwealth* v. *Hinckley*, 1 Mass. App. Ct. 195, 200 (1973), whereas involuntary manslaughter is "an unlawful homicide, unintentionally caused . . . by an act which constitutes such a disregard of probable harmful consequences to another as to constitute wanton or reckless conduct." *Commonwealth* v. *Campbell*, 352 Mass. 387, 397 (1967). In view of the evidence of the circumstances of the fight, the defendant's testimony that in swinging his knife he intended to fend off, not to stab, the victim (see *Commonwealth* v. *Hinckley*, 1 Mass. App. Ct. at 200), and the fact that the defendant requested the instruction, we think that the trial judge should have given the charge. Compare *Commonwealth* v. *Walden*, 380 Mass. 724, 728-730 (1980); *Commonwealth* v. *Wilborne*, 382 Mass. 241, 243, 245-246 (1981). However, because we reverse on another ground we do not consider whether his refusal so to instruct was reversible error.

3. Nor need we decide whether the trial judge's instruction on the question of malice was erroneous. But see *Commonwealth* v. *McInerney*, 373 Mass. 136, 148-149 (1977). We note in passing, however, that, at any retrial, it might be helpful to a jury if the trial judge were "to correlate the elements of malice with the concepts of self-defense and provocation." *Reddick* v. *Commonwealth*, 381 Mass. 398, 405 (1980).

*Judgment reversed.*

*Verdict set aside.*

*Roxana I. Marchosky* for the defendant.

*David B. Mark*, Assistant District Attorney (*Paul J. McCallum*, Legal Assistant to the District Attorney, with him) for the Commonwealth.