**Leslie A. REDDICK, Petitioner,**

v.

**William F. CALLAHAN, Respondent.**

**Civ. A. No. 81–1636–C.**

United States District Court,
D. Massachusetts.

June 12, 1984.

---

John J. Regan, Hale & Dorr, Boston, Mass., for petitioner.

Barbara A.H. Smith, Asst. Atty. Gen., Boston, Mass., for respondent.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by Leslie S. Reddick, an inmate at the Massachusetts Correctional Institution, Norfolk. The case is now before the Court on respondent's motion to dismiss and on petitioner's objections thereto. Magistrate DeGiacomo recommends that the motion should be allowed in part and denied in part.

Petitioner Reddick was convicted of murder in the first degree by a jury in June, 1970. The Massachusetts Supreme Judicial Court affirmed the conviction on direct appeal, *Commonwealth v. Reddick*, 372 Mass. 460, 362 N.E.2d 519 (1977), and later denied Reddick's petition for writ of error. *Reddick v. Commonwealth*, 381 Mass. 398, 409 N.E.2d 764 (1980).

Petitioner claims first that the trial court violated his constitutional rights when it instructed the jury erroneously as to the Commonwealth's and his burdens of proof. The Magistrate recommends that that claim should be dismissed because petitioner failed to object to the instructions at trial.

Petitioner alleges that the trial court erred in three respects: first, by failing to instruct the jury that, once self-defense or reasonable provocation has been adequately raised in evidence, the Commonwealth has the burden of proving the absence of such facts beyond a reasonable doubt; second, by failing to instruct the jury that, once heat of passion or sudden provocation is adequately raised in evidence, the burden of proof falls on the Commonwealth to show absence of heat of passion or that the provocation was not adequate; third, by failing to instruct that, once the issue of voluntary intoxication is raised in evidence, the Commonwealth has the burden of proving beyond a reasonable doubt the absence of an incapacitating degree of intoxication. Petitioner argues that the trial court's erroneous jury instruction deprived him of due process of law.

■ Under Massachusetts law, a defendant who fails to object to an alleged error at trial waives his right to attack the error on appeal. *Commonwealth v. Grace*, 376 Mass. 499, 500, 381 N.E.2d 139 (1978). Likewise, an appellant who fails to raise the claim on appeal waives his right to a reversal on that ground. *See* Mass.R. A.P. 16(a)(4) ("[An] appellate court need not pass upon questions or issues not argued in the brief."); *Mahoney v. Board of Appeals of Winchester*, 366 Mass. 228, 233, 316 N.E.2d 606 (1974), *appeal dismissed*, 420 U.S. 903, 95 S.Ct. 822, 42 L.Ed.2d 834 (1975). In this case, petitioner neither objected to the alleged error, nor attacked the error on appeal. Such procedural default constitutes an independent and adequate state ground preventing habeas review by this court. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

■ Petitioner may avoid dismissal for procedural default only by meeting the cause and prejudice standard enunciated by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. at 87, 97 S.Ct. at 2506. That is, he must show "(1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Petitioner did not object to the jury instructions at trial, he did not propose alternative jury instructions, and he did not attack the instructions on appeal.* Petitioner maintains, however, that his failure to object was "caused" by the fact that "[t]he alleged burden of proof errors were not recognized as legal principles at the time of the Petitioner's trial in 1970, and indeed some of them were only given complete retroactive effect some years thereafter."

In *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Supreme Court refused to decide "whether the novelty of a constitutional claim ever establishes cause for a failure to object." *Id.* at 131, 102 S.Ct. at 1573. The Court added, however, that it

> might hesitate to adopt a rule that would require trial counsel either to exercise extraordinary vision or to object to every aspect of the proceedings in the hope that some aspect might mask a latent constitutional claim. On the other hand, later discovery of a constitutional defect unknown at the time of trial does not invariably render the original trial fundamentally unfair. *Id.*

This Court likewise need not decide whether the novelty of petitioner's burden of proof claims justifies his failure to object, because petitioner in fact had an adequate legal basis for raising the claims both at trial and on appeal.

The Supreme Court laid the constitutional groundwork for petitioner's burden of proof claims in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In that case, the Supreme Court ruled that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364, 90 S.Ct. at 1072. *Winship* was decided on March 31, 1970, a full two and one-half months before petitioner's conviction. In the years immediately following *Winship*, numerous defendants relied on that holding to challenge the state burden of proof rule. *See Engle v. Isaac*, 456 U.S. at 132–133 & n. 40, 102 S.Ct. at 1573–1574 & n. 40 (and cases cited therein). "Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated the claim, the demands of comity and finali-

---

* Petitioner attacked the trial court's instructions as to self-defense and provocation for the first time in his petition for writ of error in state court. Though petitioner had failed to raise the claims at trial or on direct appeal, the Supreme Judicial Court agreed to consider whether the challenged instructions created "a substantial risk that a miscarriage of justice has occurred." 381 Mass. at 404. Such a limited relaxation of the Commonwealth's contemporaneous objection rule does not preclude application of the *Wainwright* holding. *Zeigler v. Callahan*, 659 F.2d 254, 271 n. 11 (1st Cir.1981).

ty counsel against labeling alleged unawareness of the objection as cause for procedural default." *Id.* at 134, 102 S.Ct. at 1574.

Moreover, even if *Winship* was decided too near in time to trial for petitioner's counsel to have relied on it in objecting at trial, the law in this area was sufficiently well developed by the date of petitioner's argument on appeal to the Supreme Judicial Court on March 8, 1977, to warrant a constitutional challenge to the trial court's instruction. By that date, litigants had brought numerous challenges to well-established state burden of proof rules, in reliance on *Winship*. In fact, prior to petitioner's argument on appeal, the Supreme Court had ruled explicitly that the State of Maine had violated the Due Process Clause by requiring defendants to negate malice by proving they had acted in the heat of passion, *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and the Massachusetts Supreme Judicial Court had ruled that as a matter of due process the Commonwealth must prove beyond a reasonable doubt that a defendant accused of murder did not act in self-defense. *Commonwealth v. Rodriguez*, 370 Mass. 684, 352 N.E.2d 203 (1976).

Petitioner failed, nonetheless, to raise the constitutional claim on appeal. There is little doubt that the Supreme Judicial Court would have considered the claim since the applicable law had apparently changed between the trial and the date of the appeal. *See* M.G.L. c. 278 § 33E (The Supreme Judicial Court may order a new trial "if satisfied that the verdict was against the law or the weight of the evidence ... or for any other reasons that justice may require ...."); *Commonwealth v. Burbank*, 388 Mass. 789, 793–94, 448 N.E.2d 735 (1983) ("In the absence of requests for instructions and proper objections to the charge given, we review the defendant's challenges to his murder conviction under G.L. c. 278, § 33E"); *Commonwealth v. King*, 374 Mass. 501, 508, 373 N.E.2d 208 (1978). Petitioner could have constructed his burden of proof objection at the time of

trial on the basis of *Winship*, and by the date of his appeal the case law had developed sufficiently to alert diligent counsel to the constitutional argument. For those reasons, I rule that petitioner had available to him "the tools to construct [a] constitutional claim," *Engle v. Isaac*, 456 U.S. at 133, 102 S.Ct. at 1574, and that he has failed to show cause for his failure to object to the trial court's instruction at trial or to raise the constitutional argument on appeal.

Accordingly, I accept the Magistrate's recommendation, and rule that the petition should be dismissed to the extent it attacks the trial court's jury instruction.

■ Petitioner also alleges that the prosecution violated his rights under the Sixth Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment by the improper use of peremptory challenges. The prosecution challenged all but one of the eligible black veniremen called by the trial court.

Petitioner failed to raise that issue on direct appeal to the Supreme Judicial Court in 1976. However, on March 8, 1979, the Supreme Judicial Court ruled in *Commonwealth v. Soares*, 377 Mass. 461, 387 N.E.2d 499, *cert. denied* 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979), that "exercise of peremptory challenges to exclude members of discrete groups solely on the basis of bias presumed to derive from that individual's membership in the group, contravenes the requirement inherent in art. 12 of the [Massachusetts] Declaration of Rights." *Id.* at 488, 387 N.E.2d 499.

Relying on *Soares*, Reddick filed a petition for writ of error in the Supreme Judicial Court on May 2, 1979, alleging that "prosecutorial misconduct and the trial court's errors, ... were prejudicial *per se* because they violated the Petitioner's right to trial by jury drawn fairly from a representative cross-section of the community, as guaranteed by Part 1, Article 12 of the Massachusetts Declaration of Rights." Although *Soares* was decided subsequent to petitioner's conviction, petitioner argued that ruling "should be applied retroactively

where the record is adequate to raise the issue of systematic exclusion for jury bias." The parties later filed a stipulation in the Supreme Judicial Court that the assignments of error should be amended "to also assert a claim under the Sixth Amendment of the United States Constitution with respect to the alleged violation of the Petitioner's right to trial by a jury drawn fairly from a representative cross-section of the community." The Supreme Judicial Court ultimately declined to apply *Soares* retroactively to Reddick's conviction.

Petitioner now alleges in this Court that the jury was impanelled in violation of his rights under the Sixth Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Respondent moves to dismiss on the ground that petitioner has not exhausted all available state court remedies because he failed to raise the Sixth and Fourteenth Amendment constitutional claims in his petition to the Supreme Judicial Court for a writ of error.

I rule that this Court need not decide whether, in fact, petitioner exhausted his state remedies, because it is clear that his failure to raise the constitutional claims on direct appeal in state court bars consideration of those claims by a federal court. An assignment of error neither briefed nor argued by an appellant before the Supreme Judicial Court is deemed waived. Petitioner's constitutional attacks on the prosecutor's use of peremptory challenges are based on *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), decided *five* years prior to petitioner's conviction. Petitioner nevertheless failed on direct appeal to present his constitutional arguments to the Supreme Judicial Court. Petitioner's failure to raise those claims on direct appeal constitutes a procedural default barring this Court's consideration of those claims. *See Wainwright v. Sykes, supra.*

■ The Supreme Judicial Court has exercised its discretion in certain circumstances to consider technically defaulted claims on collateral appeal. *See Reddick v. Commonwealth,* 381 Mass. at 404, 409 N.E.2d

764. "The standard of review for such a claim is whether there is a substantial risk that a miscarriage of justice has occurred." *Id.* However, such a limited relaxation of the requirement that the claim be raised on appeal does not preclude application of the *Wainwright* rule. *See Zeigler v. Callahan,* 659 F.2d at 271 ("Substantial miscarriage of justice" standard does not preclude application of *Wainwright* where petitioner failed to object at trial.) Thus, even if this Court were to decide that petitioner had, in fact, properly presented the constitutional issues to the Supreme Judicial Court in his petition for writ of error, further review by this Court would nevertheless be barred under *Wainwright,* unless petitioner could show some "cause" for his failure to raise those issues before the Supreme Judicial Court on direct appeal.

Petitioner has pointed to no "cause" for his failure to raise the argument on appeal, nor does the record present evidence of any such "cause." Accordingly, I rule that petitioner's constitutional challenge to the prosecutor's use of peremptory challenges should be dismissed.

Order accordingly.