COMMONWEALTH vs. STEPHEN DEAGLE
(and a companion case[1]).

Suffolk.   October 24, 1980. — November 26, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Self-Defense.   Practice, Criminal,* Instructions to jury.

The judge at a criminal trial erred in failing to instruct the jury on the
burden of proof on the issue of self-defense where there was evidence
that one of the defendants struck the victim in response to the victim's
persistent homosexual overtures and that both defendants then used
force against the victim after the victim brandished a gun.   [749-752]

INDICTMENTS found and returned in the Superior Court
Department on June 15, 1979.

The cases were tried before *Paquet,* J.

*J.W. Carney, Jr.* for Stephen Deagle.

*Michael J. Traft,* Assistant District Attorney, for the
Commonwealth.

*Thomas J. Ford,* for Joseph Gibson, submitted a brief.

NOLAN, J.   The convictions of both defendants of assault
must be reversed because of the refusal of the trial judge to
instruct the jury on the burden of proof on the issue of self-
defense.

A jury found Stephen Deagle and Joseph Gibson guilty on
so much of separate indictments charging armed robbery as
alleged simple assaults on Dana B. Reis.   An examination of
the evidence, viewed as it must be in this type of case, in the
light most favorable to the defendants, *Commonwealth* v.
*Monico,* 373 Mass. 298, 299-300 (1977); *Commonwealth* v.
*Harrington,* 379 Mass. 446, 450 (1980), reveals the fol-
lowing scenario.

---

[1] The companion case is Commonwealth *vs.* Joseph Gibson.

It was approximately 3:00 A.M. on March 30, 1979, in an area of Boston known as the Combat Zone, that Reis agreed to drive Gibson, Deagle and Gibson's sister to Gibson's home in Quincy. The males were not strangers to each other. In Reis's two-door sedan, Gibson sat in the passenger side of the front seat, Deagle immediately to the rear of Gibson, and the female in the rear seat behind Reis. After Reis had driven a short distance from Washington Street to Essex Street and finally onto Harrison Avenue, Gibson felt Reis's hand on his leg. Gibson pushed it away. Reis again placed his hand on Gibson's leg in the region of the upper thigh, near Gibson's genitalia, and asked Gibson to spend the night with him. Gibson was angered by this homosexual gesture and told Reis to leave him alone, because he (Gibson) was "not queer," and hit Reis in the face with his hand. Reis became "kind of aggravated", and Deagle told him to "cool it." Reis responded by drawing a gun, waving it, and then pointing it at Gibson's face, saying, "I'll do anything I want." Deagle took a knife from his pocket but droppped it on the floor when he started to wrestle with Reis. Gibson succeeded in wresting the gun from Reis and threw it out the door. Then Reis, who had brought the vehicle to a stop, ran from the car. Deagle, Gibson and the female ran in the opposite direction.

The United States Supreme Court established the constitutional parameters on the allocation of the burden of persuasion in criminal cases in the case of *In re Winship*, 397 U.S. 358 (1970). *Winship* was the starting point of the constitutional journey toward a recognition of the due process requirement that "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship, supra* at 364. Five years later, the Supreme Court, in *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), held that a rule which imposed on the defendant the burden of persuading the trier of fact that there was sufficient provocation to negate the element of malice contravened its holding in *Winship* because malice was a necessary "fact,"

proof of which must be borne by the prosecution. In Massachusetts, the primordial case which applies this constitutionally-based rule to self-defense is *Commonwealth* v. *Rodriguez,* 370 Mass. 684 (1976). The "fact" which is especially implicated in a claim of self-defense is the unlawful use of force by the defendant. It falls, then, to the Commonwealth to satisfy the trier of fact beyond a reasonable doubt that the defendant's conduct was unlawful because he did not act in self-defense.

Not every defendant who uses force may command a jury instruction on the Commonwealth's burden of negativing self-defense.[2] There must be evidene to support the hypothesis of self defense. *Commonwealth* v. *Costa,* 360 Mass. 177, 184 (1971). Such evidence may fail to inspire belief. It may be incredible. *Commonwealth* v. *Campbell,* 352 Mass. 387, 398 (1967). However, it is the jury's function to assess the credibility of the evidence in light of correct principles of law as delivered to them by the trial judge if there is some evidential basis for the claim of self-defense. *Commonwealth* v. *Vanderpool,* 367 Mass. 743, 746 (1975).

To the extent that each defendant may have been found to have come to the defense of the other (as well as to his own defense), the legal principles are not unlike those which

---

[2] In the following cases decided after *Rodriguez* there was sufficient evidence to warrant an instruction on self-defense: *Commonwealth* v. *Klein,* 372 Mass. 823 (1977); *Commonwealth* v. *Stokes,* 374 Mass. 583 (1978); *Commonwealth* v. *Collins,* 374 Mass. 596 (1978); *Commonwealth* v. *Harris,* 376 Mass. 201 (1978); *Commonwealth* v. *Fluker,* 377 Mass. 123 (1979); *Commonwealth* v. *Harrington,* 379 Mass. 446 (1980); *Commonwealth* v. *Pimental,* 5 Mass. App. Ct. 463 (1977); *Commonwealth* v. *Domaingue,* 8 Mass. App. Ct. 228 (1979) (instruction required as to one victim).

In the following cases decided after *Rodriguez* there was insufficient evidence to require an instruction on self-defense: *Commonwealth* v. *Mains,* 374 Mass. 733 (1978); *Commonwealth* v. *Maguire,* 375 Mass. 768 (1978); *Commonwealth* v. *Domaingue,* 8 Mass. App. Ct. 228 (1979) (instruction not required as to one victim); *Commonwealth* v. *Zaccagnini, ante* 425 (1980), further appellate review granted, 381 Mass. 782 (1980); *Commonwealth* v. *Deeran, ante* 646 (1980).

control the use of self-defense because a person "is justified in using force against another to protect a third person when (a) a reasonable person in the actor's position would believe his intervention to be necessary for the protection of the third person, and (b) in the circumstances as that reasonable person would believe them to be, the third person would be justified in using such force to protect himself." *Commonwealth* v. *Martin*, 369 Mass. 640, 649 (1976).

Counsel for Gibson presented requests for jury instructions to the judge after argument but before the charge. He was late. The judge properly refused to accept them. Massachusetts Rule of Criminal Procedure 24(b), 378 Mass. 895 (1979), makes it necessary to file such requests at the close of the evidence. When the judge completed his charge to the jury, counsel for Gibson (Deagle's counsel joined in the request) asked him to instruct the jury on the issue of self-defense and on the Commonwealth's burden to prove "beyond a reasonable doubt that the defendants did not act in self-defense." The judge refused.

Even without a request, a judge should instruct on this issue if there is an appropriate hypothesis in the evidence. See *Reddick* v. *Commonwealth*, 381 Mass. 398, 404 (1980). "[T]he constitutional issue of burden of proof goes to the very heart of the truth-finding function of the criminal trial." *Commonwealth* v. *Stokes*, 374 Mass. 583, 589 (1978). See *Connolly* v. *Commonwealth*, 377 Mass. 527, 531 n.9 (1979). It is probably the most sensitive part of jury instructions in a criminal trial. An error in explicating the correct principles of law or a failure to instruct the jury in this regard can readily lead to a miscarriage of justice. See *Gibson* v. *Commonwealth*, 377 Mass. 539, 541 (1979). Accordingly, noncompliance with Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979), may be excused.

When Gibson responded to Reis's persistent homosexual overtures by hitting him in the face, Reis pulled a gun. The lives of all three passengers were then in danger. The jury may have considered Gibson's use of force before the gun was brandished as reasonable in repelling Reis's homosexual

advances. The force applied by Gibson and Deagle after Reis menaced them with the gun might also have impressed the jury as justifiable force. See *Commonwealth* v. *Kendrick,* 351 Mass. 203, 212 (1966). The jury should have been permitted to analyze the evidence (including Reis's testimony which is totally and trechantly at odds with the defendants' narrative) guided by correct legal principles touching the burden of proof.

We have examined the instructions in their entirety (see *Commonwealth* v. *Fluker,* 377 Mass. 123, 129-130 [1979]), and we adjudge them to be so constitutionally deficient that there exists a substantial risk of a miscarriage of justice in failing to explicate the allocation of burden of proof on self-defense. *Reddick* v. *Commonwealth,* 381 Mass. 398, 404 (1980).

The only other issue concerns the judge's exclusion of a question to Reis on cross-examination by counsel for Gibson as to whether a certain bar where Reis had formerly worked was frequented by homosexuals. At this juncture in the trial, there had been no evidence of homosexual advances by Reis. The judge properly excluded the question as lacking both relevancy and materiality and as sufficiently tendentious to create prejudice.

*Judgments reversed.*

*Verdicts set aside.*