## Commonwealth *vs.* Clarence Ware.

No. 99-P-1570.

Suffolk. September 7, 2001. - November 20, 2001.

Present: Brown, Mason, & Doerfer, JJ.

Further appellate review granted, 435 Mass. 1109 (2002).

*Homicide. Practice, Criminal,* Instructions to jury. *Self-Defense.*

At the trial of an indictment charging the defendant with manslaughter, the judge's instruction that in order to prove the defendant guilty, the Commonwealth was required to prove, among other elements, that the defendant injured the victim in the heat of passion, may have suggested to the jury that they were required to find the defendant guilty of manslaughter even if they found that he had acted with reasonable force in self-defense, and thus violated the defendant's due process right to adequate and clear instructions on the applicable law. [241-244]

Indictment found and returned in the Superior Court Department on November 4, 1997.

The case was tried before *James D. McDaniel, Jr.,* J.

*Mark R. Meehan* (*James A. Coviello* with him) for the defendant.

*Brian J.S. Cullen,* Assistant District Attorney, for the Commonwealth.

Mason, J. After a jury trial in Superior Court, the defendant, Clarence Ware, was convicted on an indictment charging him with manslaughter as a result of an incident occurring at the VFW Post in the Roxbury section of Boston, in which he shot and killed Herman Franklin.[1] On appeal, Ware claims that the trial judge committed reversible error in instructing the jury in such a manner as to suggest that they must convict the defendant of manslaughter even if they found that he had acted with

---

[1]On a separate charge of unlawful possession of a firearm, a motion for a required finding of not guilty was allowed at the close of the Commonwealth's case.

reasonable force in self-defense. He also claims that the judge's instructions on the elements of manslaughter were so confusing and replete with error that they violated his due process right to adequate and clear instructions on the applicable law. Because we agree that the judge's instructions may have suggested to the jury that they were required to find the defendant guilty of manslaughter even if they found that he acted with reasonable force in self-defense, we reverse the conviction.

*Factual background.* At about 8:00 A.M. on the morning of January 5, 1996, Franklin was shot twice by the defendant and died soon thereafter. Shortly before the incident, Franklin had prevented Rufus Birden, a janitor employed at the VFW Post, from leaving the post. Franklin had accosted Birden in the front hallway of the Post and, while holding a knife in his right hand, had told Birden, "Nobody's going nowhere."

After certain other events had occurred, Franklin confronted the defendant, who was carrying a fully loaded .38 caliber revolver in a pouch under his sweater. The defendant pulled out his revolver and shot Franklin twice, causing him to stumble and then fall at the feet of Hezekiah Duncan, who was Franklin's nephew. Duncan had been sleeping in a chair but had been awakened by the first shot and observed what occurred thereafter. Claiming self-defense, the defendant testified that Franklin was coming after him with a knife and had responded only, "Fuck you" when the defendant asked him what he was doing. The defendant further testified that he could not retreat because there was furniture cluttered around the small room where the incident was occurring, so he took out his gun and, when Franklin did not stop coming after him, shot him once and then, when the first shot did not appear to have any effect, shot him again.

*Jury instructions.* The judge first instructed the jury that "[a] person may lawfully use reasonable force to defend himself from physical attack." The judge next instructed the jury that, if evidence of such self-defense was present, the Commonwealth was required to prove beyond a reasonable doubt that the defendant did not act in self-defense. The judge then emphasized that if the jury had a reasonable doubt about whether the defendant had acted in self-defense, their verdict "must be not

guilty," unless the Commonwealth had proven beyond a reasonable doubt that the defendant had used excessive force.

The judge further instructed the jury, however, that manslaughter is an "unlawful, intentional killing, resulting from a sudden transport of the passions . . . produced by adequate or reasonable provocation . . . or upon sudden combat." He then stated that:

> "In order to prove the defendant guilty of voluntary manslaughter *in the circumstances of this case,* the Commonwealth must prove each of three elements beyond a reasonable doubt: First, it must prove that the defendant inflicted an injury upon [the victim] in this case, from which he died. Second, *that the defendant injured [the victim] in the heat of passion.* And third, that the homicide was committed unlawfully, without legal excuse or justification" (emphases supplied).

The judge further stated that "[t]he provocation sufficient to reduce an unlawful killing from murder to manslaughter is that provocation which would likely produce in an ordinary person such a state of passion or anger as would eclipse a person's capacity for reflection or restraint," and that "[w]here there is evidence of provocation, the Commonwealth has the burden of proving beyond a reasonable doubt that the defendant did *not* act in the heat of passion" (emphasis supplied). The judge instructed the jury that there must be a "causal connection between the provocation, the heat of passion, and the fatal act of killing," and that the "killing must follow the provocation before there is reasonable opportunity for the passions to cool." Finally, the judge instructed the jury:

> "Therefore, if the Commonwealth proves each of these essential elements beyond a reasonable doubt, then you must find the defendant guilty of manslaughter. If the Commonwealth has not proved each of these elements beyond a reasonable doubt, then you must find the defendant not guilty of manslaughter."

Defense counsel objected to the judge's inclusion of the instructions on heat of passion, asserting that such instructions

had no place in the jury's deliberations because the indictment was for manslaughter and the case had been tried exclusively on the theory of excessive force. The judge overruled the objection. Thereafter, during its deliberations, the jury asked the judge to provide "the legal definition of manslaughter," and the judge repeated the instruction he had previously given. Specifically, the judge told the jury once again that, if the Commonwealth had proven each of the three elements of manslaughter he had previously described, including that the defendant had "injured the decedent in the heat of passion or sudden combat," then "you must find the defendant guilty of manslaughter." He then added the following language:

> "I also told you that if the Commonwealth fails to prove beyond a reasonable doubt that the defendant did not act in self-defense, but the Commonwealth does prove beyond a reasonable doubt that the defendant used excessive force in defending himself in light of all the circumstances, and that death resulted from the use of excessive force in self-defense, then you must find the defendant guilty of manslaughter."

Once again, defense counsel objected to the judge's inclusion of the heat of passion instructions, arguing that they invited the jury to convict the defendant of manslaughter if they found that he had acted out of such heat of passion, regardless of whether they also found that he had acted in self-defense.

*Discussion.* Voluntary manslaughter is commonly defined as "a killing from a sudden transport of passion or heat of blood, upon a reasonable provocation and without malice, or upon sudden combat." *Commonwealth* v. *Soaris,* 275 Mass. 291, 299 (1931). This does not mean, however, that provocation or heat of passion is an element of the crime of voluntary manslaughter. Rather, the elements of voluntary manslaughter are an intentional infliction of an injury likely to cause death which actually causes such death, and "unlawfulness" or a lack of legal justification or excuse, such as self-defense, defense of another, or accident. See Model Jury Instructions on Homicide 31-32 (1999).

The judge plainly erred in the instant case, therefore, in

instructing the jury that, in order to prove the defendant guilty of voluntary manslaughter, the Commonwealth was required to prove, among other elements, that the defendant injured the victim in the heat of passion. See *Commonwealth* v. *Torres*, 420 Mass. 479, 488 (1995). There was no reason to include this instruction in the circumstances of this case, where the defendant was charged with manslaughter only,[2] and it was, at the least, confusing.

The Commonwealth concedes as much but asserts that reversal is not required since the error did not prejudice the defendant. See *Commonwealth* v. *Mejia*, 407 Mass. 493, 496-497 (1990); *Commonwealth* v. *Podgurski*, 44 Mass. App. Ct. 929, 932-933 (1998). Specifically, the Commonwealth contends that the instruction at most required the Commonwealth to prove an element, heat of passion, that was not part of the crime.

We would agree with the Commonwealth that reversal is not required if we could be sure, as the Commonwealth contends, that the instructions as a whole did nothing more than require the Commonwealth to prove an element that was not part of the crime. We are concerned, however, that, as the defendant contends, the jury reasonably could have understood the judge's instructions as requiring a conviction if they found that the defendant had acted in the heat of passion *even* if they also found that he had used reasonable force in self-defense. In such circumstances, where we cannot be sure that the erroneous instructions did not mislead the jury on the requirements for conviction, reversal is required. See *Commonwealth* v. *Mejia*, *supra*.

We recognize that, as the Commonwealth points out, the

---

[2]In cases where a defendant is charged with murder, rather than manslaughter, and the defendant presents evidence of provocation, then the trial judge may be required to instruct the jury that if the Commonwealth fails to prove beyond a reasonable doubt that the defendant did not act in the heat of passion resulting from such provocation, then the defendant can be convicted only of voluntary manslaughter, not murder. See *Commonwealth* v. *Fickling*, 434 Mass. 9, 18-19 (2001). Once again, however, this does not mean that provocation is an element of manslaughter. Rather, it is a defense to murder. See *Commonwealth* v. *Webster*, 5 Cush. 295, 304 (1850) (provocation is not an element of manslaughter but a defense to murder).

judge instructed the jury that the elements of manslaughter included lack of legal excuse or justification as well as heat of passion. The judge did not explicitly state, however, that self-defense constituted such a legal excuse or justification even where the killing had been committed in the heat of passion. Instead, the judge defined the "provocation sufficient to reduce an unlawful killing from murder to manslaughter," and also explained the need for the provocation to have caused the killing. He then concluded by stating that, if the Commonwealth had proved each of the "essential elements" of manslaughter beyond a reasonable doubt, including that the defendant had acted in the heat of passion arising from provocation or sudden combat, then "you *must* find the defendant guilty of manslaughter" (emphasis supplied).

Thereafter, when the jury, indicating its confusion, asked the judge again to provide them with "the legal definition of manslaughter," the judge repeated the same instructions, including that the jury was required to find the defendant guilty of manslaughter if they found that the Commonwealth had proved beyond a reasonable doubt each of the elements of manslaughter that the judge had previously identified. While the judge referred to self-defense at the end of this supplemental instruction, he once again failed to state that such self-defense could constitute a legal excuse or justification for a killing committed in the heat of passion. Rather, he stated only that the jury were required to find the defendant guilty of manslaughter if they found that the Commonwealth had proved beyond a reasonable doubt that the defendant had used excessive force in self-defense.

We think that the jury reasonably could have understood these instructions as requiring them to return a verdict of guilty if they found that the Commonwealth had proven beyond a reasonable doubt that the defendant had acted from a heat of passion resulting from his confrontation with Franklin even if they also found that he had used reasonable force in self-defense. There was, in fact, no other apparent reason for the judge to instruct so extensively on heat of passion, or the need for a causal connection between the heat of passion and the killing.

The Commonwealth's reliance on *Commonwealth* v. *Niemic,*

427 Mass. 718 (1998), and the other decisions cited in its brief is misplaced. In *Niemic*, the judge did not misstate the elements of the crime with which the defendant was charged, i.e., first degree murder by reason of extreme atrocity or cruelty. Rather, the judge misstated the Commonwealth's burden of proof with respect to a possible mitigating circumstance, provocation, which the defendant was not relying on and was not a "live issue" at trial. See *id.* at 721-722. Here, by contrast, the judge misstated, not once but repeatedly, the elements of the crime with which the defendant was charged, and under circumstances where the jury might believe that the evidence the defendant was presenting in support of his claim of self-defense actually required his conviction. While it is certainly possible that the jury did not misunderstand the judge's instructions, we are not confident this was the case. A new trial is therefore required. See *Commonwealth* v. *Boucher*, 403 Mass. 659, 662-663 (1989) (reversal of murder conviction required where, on judge's charge, jury could have found malice even if they found provocation). Contrast *Commonwealth* v. *Vinton*, 432 Mass. 180, 188-190 (2000) (judge's erroneous manslaughter instructions in murder trial did not require reversal where defendant was not entitled to such instructions at all); *Commonwealth* v. *Simpson*, 434 Mass. 570, 589-590 (2001) (same).

*Judgment reversed.*

*Verdict set aside.*