COMMONWEALTH *vs.* CLARENCE WARE. January 31, 2003. *Homicide. Practice, Criminal,* Instructions to jury. *Self-Defense.*

On January 5, 1996, a confrontation occurred between the defendant and Herman Franklin at the Veterans of Foreign Wars Post in the Roxbury section of Boston. During the confrontation the defendant shot and killed Franklin. The defendant was indicted for voluntary manslaughter, and a jury convicted

the defendant on the charge.[1] The Appeals Court reversed the defendant's conviction, holding that the judge's confusing and erroneous instructions on voluntary manslaughter, which had been objected to by the defendant's trial counsel, may have caused the jury to return an improper conviction. *Commonwealth* v. *Ware*, 53 Mass. App. Ct. 238, 244 (2001). We granted the Commonwealth's application for further appellate review. We agree with the Appeals Court that the defendant's conviction must be reversed.

"[A] defendant, in a criminal case, is entitled to have the issues of fact clearly presented to the jury and the law applicable thereto carefully explained." *Commonwealth* v. *Greenberg*, 339 Mass. 557, 584 (1959). After evaluating the instructions as a whole, and considering the interpretation a reasonable jury would give to them, *Commonwealth* v. *Trapp*, 423 Mass. 356, 361, cert. denied, 519 U.S. 1045 (1996), as well as their over-all impact on the jury, *Commonwealth* v. *Galford*, 413 Mass. 364, 371-372 (1992), cert. denied, 506 U.S. 1065 (1993), we conclude that the latter standard was not satisfied, and that the errors prejudiced the defendant.

The Commonwealth concedes that in his instructions on voluntary manslaughter (which followed his instructions on self-defense), the judge erroneously added a third element to the crime, namely, that the Commonwealth must prove that the defendant killed the victim in the heat of passion. See *Commonwealth* v. *Torres*, 420 Mass. 479, 488 (1995). See also *Commonwealth* v. *Lapage*, 435 Mass. 480, 484 (2001). On an indictment charging voluntary manslaughter, the Commonwealth need only prove the elements set forth (with applicable variations) in the Model Jury Instructions on Homicide 31-33 (1999). Such provocation, as noted by the Appeals Court, is not an element of voluntary manslaughter, but is rather a defense to murder. *Commonwealth* v. *Ware, supra* at 242 n.2, citing *Commonwealth* v. *Webster*, 5 Cush. 295, 304 (1850). The error was further compounded when the judge instructed, "[w]here there is evidence of provocation, the Commonwealth has the burden of proving beyond a reasonable doubt that the defendant did not act in the heat of passion," see *Commonwealth* v. *Torres, supra* at 488 n.8, which would be a correct instruction on a murder charge, but then went on to state incorrectly that voluntary manslaughter "requires that there be a causal connection between the provocation, the heat of passion, and the fatal act of killing," and that the jurors must find the defendant guilty of manslaughter if the Commonwealth had proved each of the essential elements of manslaughter beyond a reasonable doubt, including that the defendant had acted in the heat of passion. These instructions were contradictory, and the latter two clearly erroneous. In addition, the judge's definition of provocation as the "provocation sufficient to reduce an unlawful killing from murder to manslaughter" was inappropriate. Although the judge told the jurors that he only used the term "murder" as a comparison, a murder analogy in a straight voluntary manslaughter prosecution was irrelevant and likely confused the jury.

The judge essentially repeated verbatim the same definitions when he reinstructed the jury in response to their request, during deliberations, to provide "the legal definition of manslaughter." The Commonwealth contends that

---

[1]The defendant's motion for a required finding of not guilty was allowed on an indictment charging him with unlawful possession of a firearm.

these errors in the instructions were of no consequence because, by adding an element beyond what the Commonwealth must prove, they only served to increase the Commonwealth's burden. While the Commonwealth is technically correct in its parsing of the instructions, the argument overlooks the fact that the confusion engendered by the errors potentially obscured the relationship between self-defense (which was the essential contested issue at trial) and the improperly introduced concepts of provocation and heat of passion. Thus, the import of the instructions, as explained by the Appeals Court, was as follows: "the jury reasonably could have understood these instructions as requiring them to return a verdict of guilty if they found that the Commonwealth had proven beyond a reasonable doubt that the defendant had acted from a heat of passion resulting from his confrontation with [the victim] even if they also found that he had used reasonable force in self-defense." *Commonwealth* v. *Ware, supra* at 243. In one of his several objections to the instructions, the defendant's trial counsel recognized and pointed out this problem to the judge: "And the real problem [is] that [the jurors are] going to think, hey, listen, when [the victim] came at the defendant with the knife, that's provocation. And as you have described provocation . . . the case is manslaughter, they're almost inexorably going to find him guilty of manslaughter."

We cannot say that the judge's instructions did not prejudice the defendant. Cf. *Commonwealth* v. *Henderson*, 434 Mass. 155, 158 (2001). To the contrary, they potentially deprived him of his defense.

The judgment of conviction is reversed, the verdict is set aside, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Brian J.S. Cullen*, Assistant District Attorney, for the Commonwealth.
*Mark R. Meehan (James J. Coviello* with him) for the defendant.