NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-652

COMMONWEALTH

vs.

MARK W. THIBEAU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant was convicted of assault and battery as a lesser included offense of assault and battery by means of a dangerous weapon (tree).[1]  The defendant moved for a new trial on the basis of ineffective assistance of counsel, which was denied after a nonevidentiary hearing.  On appeal, the defendant argues that erroneous jury instructions on self-defense created a substantial risk of a miscarriage of justice and that the judge erred in denying his motion for a new trial because he raised substantial issues regarding trial counsel's failure to

_____

[1] Upon the defendant's motion, a required finding of not guilty entered on the charge of witness intimidation at the close of the Commonwealth's case.

investigate and discover evidence relating to the victim.  The
defendant also argues that the judge erred by denying his motion
for a new trial without first holding an evidentiary hearing.
We affirm.

Background.  On the morning of February 15, 2019, Daniel
Chaparro's older brother paid him a visit at his home in Jamaica
Plain.[2]  Outside Daniel's front door, the two discussed an
altercation that Daniel had earlier had with a neighbor.
According to Daniel, the neighbor had "jumped" him as he was
coming home with groceries, and he had reported the neighbor to
the police.  Daniel and the neighbor had "stay away" orders
against each other and everyone in the neighborhood knew about
the incident.  As the defendant passed by the brothers
conversing, he interjected something to the effect that Daniel
should have a fair fight with the neighbor.

Because the defendant was "talking crap" to him, Daniel
picked up his metal cane hanging on a fence and began walking.
The defendant went around the corner out of sight and then
returned carrying a "gigantic stick" or "tree branch," holding
it "like a baseball bat, like he's going to swing."  Daniel's
brother got in the middle and said to the defendant, "No, no, he
doesn't want to fight" and "Leave it alone.  It's over."  The

_____

[2] Daniel and his brother share last names.  We refer to
Daniel by his first name to distinguish him from his brother.

defendant pushed Daniel's brother out of the way in an effort to reach Daniel.[3]  As the defendant continued to swing the branch, another neighbor came up from behind the defendant and knocked the branch out of his hand.  The defendant ran away but then returned with yet another stick.  At this point, Daniel called the police.

The defendant presented no evidence at trial but pursued a theory of self-defense.

Discussion.  On appeal, the defendant contends that the judge erred in denying, without an evidentiary hearing, his motion for a new trial, which was based on ineffective assistance of counsel.  Because the judge who denied the motion was not the trial judge and did not hold an evidentiary hearing, we review the judge's ruling de novo.  Commonwealth v. Mazza, 484 Mass. 539, 547 (2020).

A motion for a new trial may be granted "at any time if it appears that justice may not have been done."  Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  Such a motion may be denied without an evidentiary hearing when no substantial issue is raised.  See Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001).  In determining whether the defendant raised a substantial issue, the judge will consider the

---

[3] The push is the basis of the assault and battery conviction.

3

seriousness of the issue asserted and the adequacy of the defendant's showing on that issue.  Commonwealth v. Stewart, 383 Mass. 253, 257-258 (1981).

Here, the defendant's motion for a new trial was premised on a claim of ineffective assistance of counsel at trial.  In order to make out a claim for ineffective assistance, the defendant must show that trial counsel's performance fell measurably below what is expected of an ordinary fallible lawyer and that such substandard performance deprived the defendant of an otherwise available and substantial ground of defense. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  The defendant raised two grounds of ineffective assistance in his motion:  (1) the failure to object to an allegedly erroneous jury instruction on self-defense and (2) the failure to investigate and discover evidence relating to the nontestifying victim.

1.  Witness investigation.  The defendant claims that trial counsel rendered ineffective assistance by failing to investigate and uncover the criminal record of Daniel's brother, the victim of the assault and battery.  He argues that, even though Daniel's brother did not testify, his significant criminal record could have been used to impeach him as the declarant of hearsay statements.  See Commonwealth v. Mahar, 430 Mass. 643, 649-650 (2000) (hearsay declarant may be impeached by

4

any evidence admissible if declarant had testified).  Given that the statements consisted of "No, no, he doesn't want to fight" and "Leave it alone.  It's over," it is unclear what value such impeachment would carry, particularly in light of the video recording evidence of the crime.

Likewise, the defendant's claim that the criminal background information of Daniel's brother could have been used to support the theory that both Daniel and his brother were the first aggressors might have some force, if it were not for the strength of the video recording evidence.  See Commonwealth v. Adjutant, 443 Mass. 649, 654 (2005) (victim's violent character relevant to establishing first aggressor in claim of self-defense).  Thus, even if trial counsel's performance was to be deemed substandard for failing to investigate the criminal background of a nontestifying victim, the defendant failed to establish that he was deprived of an otherwise available ground of defense.

2.  Jury instructions on self-defense.  The defendant argues that the judge deviated from the model jury instructions in a manner that shifted the burden of proof on self-defense and failed to guide the jury's consideration of factors relevant to self-defense.  Where no objection to the instructions was raised at trial, we review for a substantial risk of a miscarriage of justice.  See Commonwealth v. Russell, 439 Mass. 340, 345 (2003)

5

(motion for new trial premised on unobjected-to instructions —-
whether based on error itself or framed as claim of ineffective
assistance of counsel —- reviewed solely to determine whether
error gives rise to substantial risk of miscarriage of justice).

Here, the judge prefaced the instructions on the elements
of the crimes with the following:

> "In this particular case, the defendant has raised the
> claim that if, in fact, he used any force, he was acting in
> self-defense. . . . And I will explain to you in greater
> detail that it's not up to the defendant to prove that he
> acted in self-defense because, you remember, the
> Commonwealth has the burden of proof.  So when a claim of
> self-defense is raised under our system of law, it is the
> Commonwealth who has the burden of establishing that beyond
> a reasonable doubt that the defendant was not entitled to
> use force in these circumstances because in order to use
> force, certain conditions have to be met."

Later, after instructing on the elements of the crimes, the
judge returned to self-defense:

> "Now a person in Massachusetts, in our Commonwealth is
> allowed to act in self-defense.  And if there is evidence
> of self-defense in this case as the defendant claims, and
> again, it's up to you to decide whether or not there is,
> but if you find that there is, then you must then go on to
> decide whether the Commonwealth has proven beyond a
> reasonable doubt that the defendant did not act in self-
> defense.  If you have a reasonable doubt whether or not the
> defendant acted in self-defense, your verdict must be not
> guilty."

At the conclusion of the self-defense instructions, the
judge restated the jury's obligation with respect to the
elements of the crimes and added:

"In conjunction with this before you reach your verdict, you must decide whether the defendant's claim of self-defense has been disproven by the Commonwealth. Again, it is the Commonwealth's burden if you find that the defendant's claim that he -- that any force was used, he was acting in self-defense, it is up to the Commonwealth to establish that he was not entitled to use force because one of the three conditions was not present."

Despite the repeated references to the Commonwealth's burden to disprove self-defense, the defendant argues that these instructions conveyed to the jury that the Commonwealth's burden was contingent on the jury making certain "findings," implicitly to be based on matters for which the defendant bore responsibility. It is true that courts have disapproved of language framing self-defense in terms of a "claim," "right," or "defense," which necessitates "findings" as to the reasonableness of the defendant's behavior, because it suggests the need to conclude that the defendant's conduct was proper before the jury can return a not guilty verdict. See Commonwealth v. Mejia, 407 Mass. 493, 495-496 (1990).

Here, however, the "finding" language was not tied to the "reasonableness in several particular respects of the defendant's behavior." Mejia, 407 Mass. at 495. Rather, it appears that the judge was referring to whether the jury determined that the defendant used any force at all. In other words, the judge was cognizant of the fact that the jury may have disbelieved the Commonwealth's evidence as to the

7

defendant's alleged conduct, and the language was chosen so as not to tread on the jury's fact-finding role; it did not intimate that the defendant had to clear some hurdle before being able to rely on self-defense.  See Commonwealth v. Owens, 414 Mass. 595, 607 (1993) (instructions must be viewed as whole in attempt to determine "probable impact, appraised realistically . . . upon the jury's factfinding function" [citation omitted]).

With respect to the argument that the judge failed to give appropriate guidance on the limitations of the duty to retreat, the judge did instruct that the Commonwealth could meet its burden of negating self-defense by proving beyond a reasonable doubt that:

> "the defendant did not do everything reasonable in the circumstances to avoid physical combat before resorting to force . . .  A person cannot lawfully act in self-defense unless he has exhausted all other reasonably -- reasonable alternatives before resorting to force.  A person may use physical force in self-defense only if he could not get out of the situation in some other way that was available and reasonable at the time.  And the Commonwealth may prove the defendant did not act in self-defense by proving beyond a reasonable doubt that the defendant resorted to force without using avenues of escape that were reasonably available and which would not have exposed him to further danger."

The defendant contends that the judge erred in failing to give a supplemental instruction informing the jury that a reasonable alternative to using force included "holding the attacker at bay," and that sometimes, the use of force may be

8

"the only means of protection in the circumstances" and that "a person who is attacked may have to decide what to do quickly and while under emotional strain."  See Instruction 9.260, Supplemental Instruction 2, of the Criminal Model Jury Instructions for Use in the District Court (2009).  Although this additional language would have given a more fulsome explanation of the limitations on the duty to retreat, its absence did not render erroneous the instruction given.  See Commonwealth v. Marinho, 464 Mass. 115, 122 (2013) (judge was not required to convey instructions using specific language as long as legal concepts were properly conveyed).

Even if there had been error in the instructions, there is no substantial risk of a miscarriage of justice.  See Commonwealth v. Desiderio, 491 Mass. 809, 815-816 (2023) (substantial risk of miscarriage of justice review looks to whether there is serious doubt that result might have been different without error).  The jury had in evidence, not only testimony, but also a video recording depicting the entire interaction between the parties.  The video recording compellingly shows the defendant as the aggressor throughout with every opportunity to walk away from the confrontation.  It is unlikely that the alleged errors in jury instructions would

9

have altered the result.  The defendant's motion for a new trial was properly denied without a hearing.

Judgment affirmed.

Order denying motion for a new trial affirmed.

By the Court (Ditkoff, Singh & Smyth, JJ.[4]),

*Paul Little*

Clerk

Entered:  August 6, 2025.

---

[4] The panelists are listed in order of seniority.